UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HASSAN ABBAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Case No. 15-cv-332 (RJL) |
| | ) |
| BUNDESREPUBLIK | ) |
| DEUTSCHLAND a/k/a FEDERAL | ) |
| REPUBLIC OF GERMANY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION & ORDER**
(August 4, 2020)

It is well established that this Court has the inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The Federal Rules of Civil Procedure and our Local Civil Rules permit this Court to dismiss an action for failure to prosecute when the litigant fails to assert reasonable diligence in advancing their case. Fed. R. Civ. P. 41(b); L.Cv.R. 83.23. Here, plaintiff Hassan Abbas ("plaintiff"), a *pro se*-attorney, has demonstrated an utter lack of interest in pursuing his claims for the last five years and has failed to provide the Court with a shred of evidence demonstrating good cause for his delay. For the following reasons, this case is **DISMISSED WITH PREJUDICE**.

## BACKGROUND

In March of 2015, plaintiff Hassan Abbas ("plaintiff" or "Abbas") initiated this action against JPMorgan Chase & Co. ("JPMorgan Chase") and Bundesrepublik Deutchland, also known as the Federal Republic of Germany, ("Germany"). Compl. [Dkt. #1]. Plaintiff brought this suit on behalf of himself and a putative "class of holders of bearer bonds issued by Germany[,] which were underwritten and sold in the United States by defendant, JPMorgan Chase & Co. ...." *Id.* ¶ 1. The complaint raises eleven counts—as well as class action allegations—against Germany and JPMorgan Chase under contract law, tort law, international law, and international treaties. *Id.* ¶¶ 62-163. In sum, Abbas seeks recovery of the principal and interest of the bearer bonds, which Abbas calculated to be in excess of $2,000,000 *per bond*. *See id.* ¶ 72-73 (estimating the present value of a bond).

Plaintiff perfected service on JPMorgan Chase on March 9, 2015, *see* Return of Service/Affidavit [Dkt. # 2], and the Court subsequently ordered JPMorgan Chase to answer plaintiff's complaint no later than 21 days after plaintiff perfected service on Germany, *see* Minute Order (04/20/2015).

On April 20, 2015, plaintiff filed a motion for leave to add JP Morgan Chase Bank N.A. ("the Bank") as a defendant. *See* Mot. for Leave to Add JPMorgan Chase Bank N.A. [Dkt. #16] ("Pl.'s Mot. for Leave"). The Court granted plaintiff's motion by minute order, stating, "[O]nce joined as a defendant in this action, JPMorgan Chase Bank, N.A. shall have up to and including 21 days after service has been perfected on defendant

Bundesrepublik Deutschland a/k/a Federal Republic of Germany to file an answer to plaintiff's complaint." Minute Order (05/26/2015).

On June 8, 2016—well over a year after the summons was issued—plaintiff filed an affidavit requesting foreign mailing for purposes of perfecting services on Germany. [Dkt. # 19]. But as the Court's docket makes clear, plaintiff's affidavit was entered in error, and the clerk returned the documents to him. *See id.* The docket does not show any other efforts by plaintiff to serve Germany.

On June 20, 2016, plaintiff also moved to join Truro Ltd. as a plaintiff, *see* Mot. for Joinder and to Add as Pl. Truro Ltd. [Dkt. # 20], but the Court denied that motion. *See* Minute Order (03/31/2017).

Over three years passed without any action on the docket. On May 7, 2020, this Court entered an order requiring plaintiff to "show cause in writing why the action should not be dismissed for failure to prosecute pursuant to Local Rule 83.23." Order [Dkt. #26] ("Order to Show Cause").

On May 29, 2020, plaintiff responded to the Order to Show Cause. Pl.'s Resp. to Order to Show Cause [Dkt. # 28] ("Pl.'s Resp."). Plaintiff stated that "[t]his matter stalled due to Plaintiff's inability to perfect service on the Federal Republic of Germany by diplomatic channels under the FSIA, 28 U.S.C. [§] 1608(a)(4) ...." *Id.* at 1. Instead of dismissal, plaintiff suggested either "to resubmit the request for service on Germany" or "in the absence of diplomatic service on Germany, ... to proceed only against the JPMorgan defendant/s, who are already served since 2015." *Id.* at 2.

On June 26, 2020, JPMorgan Chase replied, arguing that plaintiff failed to establish any diligence in prosecuting this matter, that plaintiff never served the Bank, and that JPMorgan Chase would be prejudiced if this matter proceeded against only it. Def. JPMorgan Chase & Co.'s Reply to Pl.'s Resp. to Order to Show Cause [Dkt. # 29].

The Court's own motion under Local Rule 83.23 is now ripe for my review.

## ANALYSIS

### I. Standard of Review

Federal Rule of Civil Procedure 41(b) states, "If the plaintiff fails to prosecute or to comply with [the Federal Rules] or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Our Local Civil Rule 83.23 "essentially embodies the standard of Rule 41(b) of the Federal Rules of Civil Procedure, which allows a district court to dismiss an action for failure to prosecute." *Cartagena v. Centerpoint Nine, Inc.*, 303 F.R.D. 109, 112 (D.D.C. 2014) (quotations and citations omitted). "A Rule 41(b) dismissal is proper if, in view of the entire procedural history of the case, the litigant has not manifested reasonable diligence in pursuing the cause." *Bomate v. Ford Motor Co.*, 761 F.2d 713, 714 (D.C. Cir. 1985) (per curiam). "A lengthy period of inactivity may .... be enough to justify dismissal," at least when the plaintiff "has failed to obey the rules or court orders." *Smith–Bey v. Cripe*, 852 F.2d 592, 594 (D.C. Cir. 1988) (citations omitted). "'Considerations relevant to ascertaining when dismissal, rather than a milder disciplinary measure, is warranted include the effect of a plaintiff's dilatory or contumacious conduct on the court's docket, whether the plaintiff's behavior has prejudiced the defendant, and whether deterrence is necessary to protect the

4

integrity of the judicial system.'" *Guy v. Vilsack*, 293 F.R.D. 8, 11 (D.D.C. 2013) (quoting *Bristol Petroleum Corp. v. Harris*, 901 F.2d 165, 167 (D.C. Cir. 1990)).

## II.  Plaintiff's Lack of Diligence in Pursuing His Claims Requires Dismissal.

Based on plaintiff's response to the Order to Show Cause, and the entire record, I find that dismissal is appropriate in this case because of plaintiff's consistent failure to prosecute this case and abide by the Federal Rules of Civil Procedure.

First, plaintiff has failed to satisfy Federal Rule of Civil Procedure 4 by neglecting to perfect service on the Bank within the required time. Under the then-current version of Rule 4(m), a plaintiff must serve a defendant within 120 days after the complaint is filed. Fed. R. Civ. P. 4(m).[1] Failure to do so—without a showing of good cause—may result in the court dismissing the action without prejudice against that defendant. *Id.* Indeed, courts in our Circuit have regularly dismissed cases for failure to prosecute where plaintiff failed to comply with Rule 4(m). *See, e.g., Paul v. Didizian*, No. 13–7132, 2014 WL 590628, at *1 (D.C. Cir. Feb. 7, 2014) (affirming district court's dismissal without prejudice of plaintiff's claims "for failure to properly effect service of process"); *Pellegrin & Levine, Chartered v. Antoine*, 961 F.2d 277, 282-83 (D.C. Cir. 1992) (same); *Garlington v. D.C. Water & Sewer Auth.*, 62 F. Supp. 3d 23, 24 (D.D.C. 2014) (dismissing, *sua sponte*, pro se plaintiff-attorney's case for failing to timely serve the complaint).

---

[1] Federal Rule of Civil Procedure 4(m) was amended on December 1, 2015 to reduce the time for serving a defendant to 90 days.

Here, I granted plaintiff's motion for leave to add the Bank as a defendant on May 26, 2015, *see* Minute Order (05/26/2015), but plaintiff *never served the Bank*.[2] Indeed, in response to the Court's Order to Show Cause, plaintiff incorrectly asserts that the Bank had been "served since 2015," but—in the same breath—hedges his bets by stating that the case should proceed "against the JPMorgan *defendant/s*." Pl.'s Resp. at 2 (emphasis added). Plaintiff's response is wholly silent as to any "good cause" that might warrant a time extension, and plaintiff has never even requested more time to serve the Bank.

Second, plaintiff violated Local Civil Rule 15.1 because he did not attach a copy of a proposed amended complaint to his motion for leave. L.Cv.R. 15.1. Nor has plaintiff subsequently filed an amended complaint on the docket. Here too, plaintiff does not provide any basis in his response to the Court's Order to Show Cause justifying his inaction.[3]

Third, plaintiff has shown almost no effort to perfect service on Germany. "[A] plaintiff must employ a reasonable amount of diligence in determining who to serve and how to effect service." *Prunte v. Universal Music Group*, 248 F.R.D. 335, 338-39 (D.D.C.

---

[2] Plaintiff's motion for leave to add the Bank stated, "Counsel for [JPMorgan Chase] stated that service on JP Morgan Chase Bank NA would not be necessary if it was substituted as a party." Pl.'s Mot. for Leave at 1. But plaintiff made clear that he did not wish to substitute the Bank in place of JPMorgan Chase; rather plaintiff intended "to add JP Morgan Chase Bank N.A. as a defendant … but also wish[ed] to maintain [] JP Morgan Chase & Co. … as a party." *Id.* Even assuming plaintiff's representation of the Bank's waiver is true, the Bank's purported waiver did not extend to the relief plaintiff sought in its motion for leave, nor to the relief the Court granted: having both JPMorgan Chase and the Bank as defendants. Therefore, plaintiff's failure to serve the Bank is not forgiven due to a purported waiver.

[3] Plaintiff's failure to file an amended complaint containing allegations against the Bank further undermines any assertion that plaintiff served the Bank.

2008). On June 8, 2016—well over one year after plaintiff initiated this litigation—he requested that the clerk issue summons on Germany. [Dkt. # 19]. But this request was made in error, and the clerk returned plaintiff's request on July 6, 2016. *Id.* Over four years since plaintiff's single, unsuccessful attempt, there is no evidence on the docket of any additional efforts to serve Germany. And plaintiff's only justification is that "[t]his matter was stalled due to Plaintiff's inability to perfect service" on Germany through diplomatic channels. Pl.'s Resp. at 1.[4] Plaintiff provides no information regarding other attempts to perfect service or what, if anything, has impeded him from doing so.[5]

Fourth, dismissal is appropriate in this case as a deterrent to other litigants who fail to abide by the Federal Rules of Civil Procedure and our Local Rules. "[T]he most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976) (cited in *Klayman v. Judicial Watch*, Inc., 802 F. Supp. 2d 137, 147 (D.D.C. 2011)). I made clear in the Standing Order that all litigants must "familiarize

---

[4] Plaintiff also argues that he was unable to prosecute this case because JPMorgan Chase was not required to answer the complaint until 21 days after service was perfected on Germany. Pl.'s Resp. at 1. But this is not "good cause" for why plaintiff failed to serve Germany. On the contrary, plaintiff understood he needed to serve Germany before this case could progress, and yet plaintiff only made a single, unsuccessful attempt to serve Germany over four years ago.

[5] Plaintiff argues that the more appropriate option is for the Court to grant plaintiff more time to perfect service on Germany. Pl's Resp. at 1-2. I disagree. Plaintiff has had five years to perfect service, and plaintiff has not offered any evidence to suggest that his lack of diligence is excused. After five years, enough is enough.

7

themselves with the Federal Rules of Civil Procedure … and the Local Rules of the District of Columbia, 'to ensure the just, *speedy*, and inexpensive determination of [this] action[.]'" Standing Order [Dkt. # 3] (quoting Fed. R. Civ. P. 1) (emphasis added). Dismissal here should be fair warning to other litigants that this Court takes these rules seriously, especially when, as here, a litigant delays the speedy resolution of a matter and wastes the Court's resources.

The fact that plaintiff is proceeding *pro se* does not absolve him for his delay. *Pro se* litigants are afforded "more latitude than those represented by counsel," but this "does not constitute a license for a plaintiff filing *pro se* to ignore the federal rules of civil procedure." *Moore v. Agency for Intern. Development*, 994 F.2d 874, 876 (D.C. Cir. 1993) (citation and quotation omitted). And because plaintiff is "a law-trained individual, unlike the [typical] unsophisticated *pro se* litigant, [he] can be presumed to have some acquaintance with the rules of the judicial process and the consequences risked by their infringement." *Bristol Petroleum Corp. v. Morris*, 901 F.2d 165, 168 (D.C. Cir. 1990); *see also Mann v. Castiel*, 681 F.3d 368, 377 (D.C. Cir. 2012) (affirming district court's dismissal of *pro se* litigants' claim for failure to serve defendant in part because they appeared to be "businessmen with extensive litigation experience, one of whom had formal legal training").

Dismissal—and not plaintiff's proposed remedy of proceeding only against the "JP Morgan defendant/s"—seems reasonably appropriate here. As mentioned, the Bank was never served, and plaintiff never filed an amended complaint containing allegations related to the Bank. JPMorgan Chase would be further prejudiced if this matter proceeded against

8

only JPMorgan Chase because Germany is likely a required party under Rule 19, and JPMorgan Chase's ability to defend itself would be severely hindered without Germany's participation in this litigation. Instead, dismissal is warranted due to plaintiff's delay of this case and repeated failures to comply with the Federal Rules of Civil Procedure and our Local Civil Rules.

### III.     Dismissal with Prejudice is Warranted.

Finally, I also find that dismissal with prejudice is warranted in this case. The Court may dismiss a claim for failure to prosecute with prejudice where "the court determines that the delay in prosecution of the claim has resulted in prejudice to an opposing party." L.Cv.R. 83.23. The multiple delays described above have stalled any discovery or dispositive motions that might have allowed JPMorgan Chase, the Bank, and Germany (had they been properly served as defendants) to defend against plaintiff's claims. And plaintiff's failure to file an amended complaint leaves the defendants, particularly the Bank, in the dark as to what allegations they face and how they should defend against them. "To allow [plaintiff] to continue to delay, procrastinate, and ignore the Court's deadlines in this fashion would be unfair to the defendant[s] and continue to prejudice [their] ability to conduct discovery and otherwise defend this case in [the] future." *Maupin v. U.S. Dep't of Energy*, No. CIV. A. 03-1156(PLF), 2005 WL 3211883, at *4 (D.D.C. Nov. 18, 2005). Therefore, I find that plaintiff's delay has prejudiced JPMorgan Chase, the Bank, and Germany. As such, plaintiff's suit must also be dismissed with prejudice.

## CONCLUSION

Accordingly, for all the foregoing reasons, it is hereby **ORDERED** that this action is **DISMISSED WITH PREJUDICE** for failure to prosecute under Local Civil Rule 83.23.

**SO ORDERED.**

_____
RICHARD J. LEON
United States District Judge